IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter: | 7 |
| | ) | | |
| Teri Potter, | ) | Case No: | 19-23246 |
| | ) | | |
| Debtor(s). | ) | Judge: | A. Benjamin Goldgar |
| | ) | | |
| Schiller DuCanto & Fleck, LLP, | ) | | |
| | ) | | |
| Plaintiff, | ) | Adversary No. | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| Teri Potter, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523(a)(2)(A)

NOW COMES Schiller DuCanto & Fleck, LLP, by his attorneys, Richard G. Larsen and Springer Larsen Greene LLC, and for its complaint pursuant to 11 U.S.C. §523(a)(2)(A) against defendant, Teri Potter, states:

### I.    Parties

1.    Plaintiff is a law firm with offices at 310 S. County Farm Rd., Wheaton, IL, One Conway Park, 100 N. Field Dr., Lake Forest, IL, and 200 N. LaSalle St., Chicago, IL.

2.    Defendant is an individual residing at 400 N. Main St., Unit 1, Wauconda, IL which filed for relief under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on August 16, 2019 ("the Bankruptcy Case").

### Jurisdiction and Venue

1

3. The deadline within which to file complaints to determine the dischargeability of debts was extended by Court order to January 12, 2020, which has not passed.

4. This Court had jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.

5. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §1409.

6. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

## II. Factual Allegations

7. On or about January 5, 2018, the parties entered legal service agreement with Schiller DuCanto & Fleck, LLP for the purpose of Plaintiff providing legal services to the debtor in connection with their dissolution of marriage proceedings in Cook County case 2014 D 30769. ("subject property"). A copy of the agreement is attached as **Exhibit "A"**.

8. Defendant represented to Erika Wyatt that her brother, Adam Potter ("Potter"), was her agent for the purposes of her dissolution proceedings, and in that capacity, Potter co-signed the legal service agreement with Schiller DuCanto & Fleck, LLP and also signed a separate guaranty of Defendant's legal fees.

9. On or around March 9, 2018, Defendant sent Erika Wyatt a written Power of Attorney between herself and Potter substantiating Potter's role as Defendant's agent.

10. On or about June 7, 2018, Erika Wyatt, on behalf of the Plaintiff indicated to defendant that plaintiff was unable to carry a balance and that the bill needed to be brought current. In response, defendant, either individually or through her brother and agent, Potter, on numerous occasions, indicated that full payment would be made by her, or by a member of her

family. The representation was false and defendant knew the representation was false at the time she made it.

11. Defendant justifiably relied on the false representations of defendant.

12. Defendant made the false representations with the intention of inducing plaintiff to continue its representation in the dissolution proceeding.

13. Based upon defendant's false representations, plaintiff, through attorney Wyatt, continued representation of defendant in the dissolution matter up until the time debtor filed her voluntary petition under Chapter 7. At the time of the petition, there was a balance due of $239,486.03.

## Cause of Action
## 523(a)(2(A))

14. Plaintiff realleges paragraphs 1-13 as paragraph 14 as though set forth herein.

15. By her fraudulently inducing plaintiff to continue its representation defendant obtained services from plaintiff by means of a false representation, false pretenses, and actual fraud.

16. Plaintiff justifiably relied upon defendant's false representations.

17. Plaintiff was injured as a result of defendant's action by the sum of $239,486.03, the amount of the unpaid attorney fees.

18. By reason of all of the foregoing, the debt is non-dischargeable under 11 U.S.C. §523(a)(2)(A) in the sum of $239,486.03 plus the costs of this suit.

WHEREFORE, plaintiff prays that the Court enter judgment as follows:

A. Determining that the debt owed by debtor to plaintiff is non-dischargeable under 11 U.S.C. §523(a)(2)(A);

B. Enter judgment in the sum of $239,486.03 plus costs of suit in favor of plaintiff and against defendant; and

C. For such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Richard G. Larsen /s/*
Richard G. Larsen
Attorney for Plaintiff

Richard G. Larsen
Springer Brown, LLC
Wheaton Office Center
300 S. County Farm Road, Suite I
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com