**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TERI POTTER, | ) | No. 19 B 23246 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SCHILLER DUCANTO & FLECK, LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 A 18 |
| | ) | |
| TERI POTTER, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of defendant Teri Potter to dismiss the adversary complaint of plaintiff Schiller DuCanto & Fleck, LLP.  Schiller alleges that Potter retained the firm to represent her in her divorce case and then failed to pay the bill.  The resulting debt, Schiller says, is nondischargeable.  Potter moves to dismiss the complaint either under Rule 12(b)(5) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(5) (made applicable by Fed. R. Bankr. P. 7012(b)), for insufficient service of process, or under Rule 12(b)(6), Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)), for failure to state a claim upon which relief can be granted.

For the reasons below, Potter's motion will be granted and the complaint dismissed for failure to state a claim.  Schiller will be given leave to amend.

## I. Facts

On a Rule 12(b)(6) motion, the court takes as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 454 (7th Cir. 2020). Exhibits attached to the complaint are considered, as are matters subject to judicial notice. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).[1/] On a Rule 12(b)(5) motion, the court likewise assumes the truth of the complaint's well-pleaded allegations and draws reasonable inferences in the non-movant's favor. *In re Dairy Farms of Am., Inc. Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 891 (N.D. Ill. 2011). But the court can also consider affidavits and other documentary evidence. *Cardenas v. City of Chicago*, No. 08 C 3174, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010), *aff'd*, 646 F.3d 1001 (7th Cir. 2011).

Schiller's short and spare complaint alleges the following. In January 2018, Potter entered into a written legal services agreement with Schiller. The purpose was for Schiller to represent Potter in connection with her divorce proceeding in the Circuit Court of Cook County, Illinois. Potter signed the agreement, as did Potter's brother, Adam. (According to Schiller, Adam also signed a separate guaranty of Potter's obligations under the agreement.) Erika Wyatt, a Schiller attorney, signed the agreement on Schiller's behalf.[2/]

---

[1/]  Out of bounds are facts appearing only in the movant's papers. With limited exceptions, a court facing a Rule 12(b)(6) motion confines itself to the pleadings. *See In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992). One exception permits the court to consider facts a plaintiff supplies in his memorandum opposing the motion. *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). There is no comparable exception, though, for facts a defendant supplies in support of his motion. *See, e.g., Gonzalez v. Town of Cicero*, No. 06 C 3961, 2008 WL 506143, at *3 (N.D. Ill. Feb. 21, 2008) (refusing to consider facts appearing only in defendant's memorandum); *Howell v. Joffe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007) (same). So the new facts Potter tries to inject through her motion will be ignored.

[2/]  The complaint does not identify Wyatt, but the website of the Illinois Attorney Registration & Disciplinary Commission reveals that Wyatt is an attorney at Schiller. The court

Potter must have racked up legal fees she failed to pay, because in June 2018 Wyatt told her that Schiller was "unable to carry a balance," and "the bill needed to be brought current." (Compl. ¶ 10). In response, either Potter or her brother (acting as her agent) told Schiller "on numerous occasions" that "full payment would be made by her, or by a member of her family." (*Id.*).

The statements were false, and Potter knew they were false. Potter made them to induce Schiller to keep representing her. And relying on those statements, Schiller continued its representation. Potter currently owes Schiller $239,486.03 in unpaid fees.

In August 2019, Potter filed a chapter 7 bankruptcy case, and some months later Schiller this adversary proceeding. The one-count complaint alleges that Potter's debt to the firm is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), as a debt for services obtained by a false representation, false pretenses, or actual fraud.

Upon the filing of the complaint, the clerk of the court issued a summons to Potter. (Adv. Dkt. No. 2).[3/] On January 10, 2020, Schiller filed a return of service. (*Id.* No. 4). The return contains the sworn statement of Schiller's attorney that he served the summons and complaint on Potter at an address in Wauconda, Illinois, and on Potter's bankruptcy counsel at his office in Skokie, Illinois. (*Id.*).

Potter now moves to dismiss the complaint either because service of process was insufficient or because the complaint fails to state a claim.

---

can take judicial notice of information on government websites. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

    [3/]    A bankruptcy court can take judicial notice of its own docket. *Pausch v. DiPiero (In re DiPiero)*, 553 B.R. 122, 125 n.1 (Bankr. N.D. Ill. 2016).

## II. Discussion

Potter's motion will be granted. Potter is wrong that service was insufficient, but she is right that Schiller's complaint fails to state a claim – although the complaint's defect is not the one Potter identifies. Schiller will be given leave to amend to correct the actual defect.

### A. Rule 12(b)(5)

Service of the complaint here was sufficient. Schiller served the complaint and proved service in the manner that the rules require. No evidence suggests otherwise.

The Bankruptcy Rules permit the methods of service available under Civil Rule 4(e)-(j). Fed. R. Bankr. P. 7004(b). Bankruptcy Rule 7004(b) then adds another: service can be made by "first class mail postage prepaid." Fed. R. Bankr. P. 7004(b). When the person to be served is "the debtor," service can be made "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9); *see Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir. 2000). Rule 7004(g) says that if an attorney is representing the debtor, service must also be made "upon the debtor's attorney." Fed. R. Bankr. P. 7004(g); *see Vincze*, 230 F.3d at 299. Under Rule 4(*l*), service must be proved to the court, and with exceptions inapplicable here proof is made "by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1) (made applicable by Fed. R. Bankr. P. 7004(a)(1)).

Schiller served Potter with the summons and complaint by mailing them to the Wauconda address she listed on the second page of her petition. (*See* Bankr. Dkt. No. 1 at 2). Schiller also served Potter's attorney by mailing the summons and complaint to him at his office address. Schiller then filed a return of service consisting of its attorney's sworn statement. The statement said that the attorney had served Potter at her home address and Potter's attorney at his office by

mailing copies of the summons and complaint to them "first class United States mail, postage fully prepaid." (Adv. Dkt. No. 4 at 2). The return constituted a prima facie showing of proper service. *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010); *see also Vincze*, 230 F.3d at 299 (noting that Rule 7004(b)(9) "does not require proof of actual receipt," only proof that the summons and complaint were mailed).

Potter offers nothing to rebut Schiller's showing. To overcome the return's prima facie effect, she had to produce "'strong and convincing evidence'" that service was invalid. *Relational*, 627 F.3d at 672 (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.* 998 F.2d 1394, 1398 (7th Cir. 1993)). Potter has no evidence. All she offers is the bald assertion that neither she nor her attorney "received notice of this adversary proceeding via any method other than PACER." (Mot. at 3). But that assertion is not evidence; Potter supplies no affidavit to back it up. *See Bilal v. Rotec Indus., Inc.*, No. 03 C 9220, 2004 WL 1794918, at *3 (N.D. Ill. Aug. 5, 2004) (denying a Rule 12(b)(5) motion when the defendant alleged only that "he never received a copy of the summons"); *Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007) (rejecting a defendant's "mere denial of receipt").

Not that her affidavit would have made a difference. It is "well settled" that "proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932); *see also Boomer v. AT&T Corp.*, 309 F.3d 404, 415 n.5 (7th Cir. 2002). The presumption is "very strong," *In re FairPoint Commc'ns, Inc.* 462 B.R. 75, 80 n.7 (Bankr. S.D.N.Y. 2012) (internal quotation omitted), and an affidavit that simply denies receipt cannot overcome it, *Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004) ("[A] bare, uncorroborated, self-serving denial of receipt, even if sworn, is weak evidence. Nothing is simpler than submitting an affidavit in which one attests that one didn't receive a

-5-

particular piece of mail." (Internal citation omitted)).

Because Schiller's return of service meets the requirements for service under Rule 7004 and stands unrebutted, the complaint will not be dismissed under Rule 12(b)(5).

### B.  Rule 12(b)(6)

Schiller's complaint will instead be dismissed under Rule 12(b)(6) for failure to state a claim. The complaint fails to state a claim under section 523(a)(2)(A).

### 1.  Dismissal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must clear "two easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in enough detail to give the defendant fair notice of its nature. *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the claim must be "plausible on its face," *id.*, at 570, meaning the plaintiff's right to relief must rise above a "speculative level," *id.* at 555; *see also Cornielsen*, 916 F.3d at 598. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish plausibility, a plaintiff must provide "enough details about the subject-matter of the case to present a story that holds together." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (internal quotation omitted).

These requirements apply equally when mental state is an element of the plaintiff's claim. *Iqbal*, 556 U.S. at 686-87. A plaintiff must allege enough facts to support a plausible inference of mental state; he cannot plead intent merely as a conclusion. *Exergen Corp. v. Wal-*

*Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *Simonian v. Maybelline LLC*, 10 C 1615, 2011 WL 814988, at *4 (N.D. Ill. Mar. 1, 2011); *EMD Crop Bioscience Inc. v. Becker Underwood, Inc.*, 750 F. Supp. 2d 1004, 1019-20 (W.D. Wis. 2010); *see, e.g., McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012) (finding "conclusory allegations" of intent "insufficient under *Iqbal*").

### 2. Section 523(a)(2)(A)

Schiller's complaint fails to state a claim under section 523(a)(2)(A) and must be dismissed – but not for the reason Potter advances in her motion. The complaint fails to state a claim for a more mundane reason.

Section 523(a)(2)(A) excepts from discharge "any debt . . . for money . . . to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Although courts sometimes suggest otherwise, the statute describes three separate grounds for holding a debt to be nondischargeable: false pretenses, false representation, and actual fraud. *City of Chi. v. Spielman (In re Spielman)*, 588 B.R. 198, 204 (Bankr. N.D. Ill. 2018); *Board of Educ. v. Monarrez (In re Monarrez)*, 588 B.R. 838, 858 (Bankr. N.D. Ill. 2018).

Schiller's claim is one for representational fraud. To state a representational fraud claim under section 523(a)(2)(A), a creditor must allege that (1) the debtor made a false representation he either knew was false or made with reckless disregard for its truth; (2) the debtor made the false representation with an intent to deceive or defraud; and (3) the creditor justifiably relied on the false representation. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *Bank of Commerce & Trust Co. v. Strauss (In re Strauss)*, 523 B.R. 614, 625 (Bankr. N.D. Ill. 2014).

Potter argues in her motion, not that the complaint fails to allege these elements, but that it alleges "a statement respecting the debtor's . . . financial condition." 11 U.S.C. § 523(a)(2)(A). According to Potter, the statements on June 7 and after that "full payment would be made" concerned her financial condition. Statements respecting a debtor's financial condition are actionable only under section 523(a)(2)(B) and then only if they were made "in writing." 11 U.S.C. § 523(a)(2)(B); *see Landmark Credit Union v. Sharp (In re Sharp)*, 561 B.R. 673, 679 (Bankr. N.D. Ill. 2016). They are not actionable under section 523(a)(2)(A). 11 U.S.C. § 523(a)(2)(A); *see Sharp*, 561 B.R. at 679. Debts resulting from false oral statements about a debtor's financial condition are dischargeable. *Stelmokas v. Kodzius*, 460 F. App'x 600, 603 (7th Cir. 2012). Because Schiller's complaint alleges just such oral statements, Potter maintains, it states no claim.

The problem with this novel theory, one for which Potter cites no authority,[4] is that Potter's statements were not statements "respecting her financial condition." The phrase "financial condition" in section 523(a)(2)(B) means "overall financial status." *Lamar, Archer & Cofrin, LLP v. Appling*, ___ U.S. ___, 138 S. Ct. 1752, 1759 (2018). A statement is one "respecting" a debtor's financial condition if "it has a direct relation to or impact on the debtor's overall financial status." *Id.* at ___, 138 S. Ct. at 1761. So, for example, courts have held statements about a debtor's income, *Colorado v. Martinez (In re Martinez)*, 609 B.R. 351, 369 (Bankr. D. Colo. 2019), expenses, *Genesis Leasing Corp. v. Mangham (In re Mangham)*, 8 B.R. 222, 223 (Bankr. S.D. Ohio 1981), assets, *Appling*, ___ U.S. at ___, 138 S. Ct. at 1757, and

---

[4]      Potter's motion could have been denied for this reason alone. *Anton Realty, LLC v. Fifth Third Bank*, No. 1:15-cv-00199-RLY-TAB, 2015 WL 8675188, at *7 (S.D. Ind. Dec. 11, 2015) (denying a motion to dismiss when the defendant "offered nothing more than a bald assertion" and "no authority whatsoever"); *Freed v. JPMorgan Chase Bank N.A.*, No. 12 C 1477, 2012 WL 6193964, at *7 (N.D. Ill. Dec. 12, 2012) (finding argument in a Rule 12(b)(6) motion so "poorly developed" that "it is forfeited").

liabilities, *Jeffrey M. Goldberg & Assocs. v. Holstein (In re Holstein)*, 272 B.R. 463, 481 (Bankr. N.D. Ill. 2001), to be statements "respecting the debtor's . . . financial condition."

A debtor's statement that he will pay a creditor's bill is not a statement about the debtor's overall financial status. It is simply a statement of his intentions. It suggests nothing about his ability to pay, any more than the statement, "I will fly to the moon," suggests an ability to fly there. The few courts to consider Potter's theory (one of them post-*Appling*) have rejected it. *See, e.g., In re Dailey*, 592 B.R. 341, 348-49 (D. Neb. 2018) (holding that a subcontractor's statements in lien waivers that it either had paid or would pay materialmen, suppliers, and others were not statements respecting its "financial condition"); *Rohling v. Dewulf (In re Dewulf)*, Nos. 87-1579-D J, 87-178, 1988 WL 1568174, at *2 (Bankr. S.D. Iowa Aug. 25, 1988) (holding that a debtor's promise to pay grain storage and drying fees from government loan proceeds did not "concern the debtor's financial condition").[5/]

Schiller's complaint has a different flaw: it pleads promissory fraud and lacks the allegation of intent necessary to back up that kind of claim. Schiller alleges that in response to Wyatt's demand for payment, Potter or her agent represented "that full payment would be made." (Compl. ¶ 10). Potter, in other words, promised to pay Schiller's bill in full. To make out a section 523(a)(2)(A) claim, though, a false representation must ordinarily relate to a "'present or past fact,'" not future facts or future conduct. *Groom v. Krook (In re Krook)*, ___ B.R. ___, ___, 2020 WL 2843018, at *4 (Bankr. N.D. Ill. 2020) (quoting *Sharp*, 561 B.R. at 680). A false promise can support a section 523(a)(2)(A) claim only "if the debtor made the promise with no intention of keeping it." *Id.*; *see also Holtz v. JPMorgan Chase Bank, N.A.* 846

---

[5/]   If Potter's position held water, it would greatly contract section 523(a)(2)(A) by excluding all fraudulent promises to pay (since oral promises would not be actionable and written promises would fall under section 523(a)(2)(B)) and would greatly expand section 523(a)(2)(B).

F.3d 928, 932 (7th Cir. 2017) ("[M]aking a promise with intent not to keep it is fraud.").

Schiller fails to allege the necessary intent. The complaint says that Potter made her promises to pay "with the intention of inducing [Schiller] to continue its representation" (Compl. ¶ 12), but that is just a conclusion. Schiller alleges no facts supporting the conclusion, much less facts supporting the inference that when Potter promised payment in full, she never intended to keep her promise. Without the required intent, Schiller's claim is no more than one for breach of contract. *Davis*, 638 F.3d at 554 (observing that "failure to honor one's promise is (just) breach of contract" (internal quotation omitted)). And "a breach of contract . . . creates only a dischargeable debt." *Allen v. Freund*, No. 16-CV-1222-JPS, 2017 WL 2728432, at *4 (E.D. Wis. June 23, 2017).

Because Schiller's complaint fails to allege the intent necessary to state a promissory fraud claim under section 523(a)(2)(A), Potter's motion to dismiss will be granted.

### 3.  Leave to Amend

Although it seems doubtful that the section 523(a)(2)(A) claim can be salvaged – if Schiller had facts suggesting Potter's intent, surely it would have pled them – Schiller will be given leave to amend. A plaintiff whose complaint has been dismissed should generally receive "at least one opportunity to try to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015). This is so "regardless of how unpromising the initial pleading appears." *Id.* at 520 (internal quotation omitted). Indeed, a plaintiff should be denied leave to amend only if the opportunity would clearly be futile, *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013), and that kind of clarity is rare. Despite its unpromising first attempt, then, Schiller can try again to state a claim. The next dismissal, though, will be with prejudice.

### III.  Conclusion

The motion of defendant Teri Potter to dismiss the complaint of plaintiff Schiller DuCanto & Fleck, LLP, for failure to state a claim is granted.  Schiller has leave to amend.  A separate order will be entered consistent with this opinion.

Dated: July 6, 2020

                                                                  A. Benjamin Goldgar
                                                  United States Bankruptcy Judge