# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter: | 7 |
| | ) | | |
| Teri Potter, | ) | Case No: | 19-23246 |
| | ) | | |
| Debtors. | ) | Judge: | A. Benjamin Goldgar |
| _____ | ) | | |
| | ) | | |
| Schiller DuCanto & Fleck, LLP, | ) | | |
| | ) | | |
| Plaintiff, | ) | Adversary No. | 20-00018 |
| | ) | | |
| v. | ) | | |
| | ) | | |
| Teri Potter, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523(a)(2)(A)

NOW COMES Schiller DuCanto & Fleck, LLP, by his attorneys, Richard G. Larsen and Springer Larsen Greene LLC, and for its amended complaint pursuant to 11 U.S.C. §523(a)(2)(A) against defendant, Teri Potter, states:

### I. Parties

1. Plaintiff is a law firm with offices at 310 S. County Farm Rd., Wheaton, IL, One Conway Park 100 N. Field Dr., Lake Forest and 200 N. LaSalle St., Chicago, IL.

2. Defendant is an individual residing at 400 N. Main St., Unit 1, Wauconda, IL which filed for relief under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on August 16, 2019 ("the Bankruptcy Case").

1

**Jurisdiction and Venue**

3. The deadline within which to file complaints to determine the dischargeability of debts was extended by Court order to January 12, 2020. Plaintiff's original complaint was filed within the deadline.

4. This Court had jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.

5. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §1409.

6. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

**II.    Factual Allegations**

7. On or about January 5, 2018, the parties entered into legal service agreement for the purpose of Plaintiff providing legal services to the debtor in connection with their dissolution of marriage proceedings in Cook County case 2014 D 30769. ("subject property"). A copy of the agreement is attached as **Exhibit "A"**.

8. Prior to entering into the agreement, Erika Wyatt ("Wyatt"), an attorney in plaintiff's firm, and Defendant had numerous discussions concerning defendant's ability to pay for the services requested by defendant. Wyatt advised defendant that the legal fees would be expensive given the scope of the litigation involved. Teri Potter knew, or should have known, that she personally would be unable to pay for the services she was requesting and represented to Wyatt that Potter's family had substantial wealth and had agreed to pay for all legal services to the defendant. With the intention of inducing plaintiff to provide the legal services, defendant falsely represented that her brother, Adam Potter ("Adam") was acting as her agent under a

2

power of attorney, and would make payment for any and all legal services to be performed by plaintiff.

9. Adam co-signed the legal service agreement with Schiller DuCanto & Fleck, LLP on January 8, 2018 and also signed a separate guaranty of Defendant's legal fees. The guarantee of Adam Potter was a condition precedent to plaintiff undertaking the legal representation on behalf of defendant. Plaintiff relied upon false representations of the defendant, and her brother, Adam Potter, and entered into the legal services agreement.

10. Following a request by Wyatt, in a phone conversation on March 9, 2018, Teri Potter and her brother Adam Potter, represented to Wyatt that there was a written power of attorney in existence as of April 14, 2015. A copy of that power of attorney is attached as **Exhibit "B"**. Plaintiff subsequently learned in deposition testimony that the power of attorney (Exhibit B) was not in existence on the date indicated, but had been back dated by defendant and Adam.

11. On or about June 7, 2018, Erika Wyatt, on behalf of the Plaintiff indicated to defendant that plaintiff was unable to carry a balance on the fees to date and that the bill needed to be brought current. In response, defendant, both individually or through her brother and agent, Adam, on numerous occasions, indicated that full payment would be made by her, or by a member of her family. A copy of the email correspondence from Adam Potter to defendant is attached herein as **Exhibit "C"**. The continuing representations were false and defendant knew the representation was false at the time she made it. Defendant had no present means or intention of paying for the services already rendered at that time or to be rendered in the future.

12. Plaintiff justifiably relied on the representations of defendant and continued to render legal services to defendant. Defendant made the representations with the intention of

3

defrauding plaintiff and obtaining further legal services from plaintiff without payment. Up to and continuing through the trial on the dissolution case defendant continued to assert that Adam was, in fact, her agent and that the invoice would be paid in full.

13. Defendant made the false representations with the intention of inducing plaintiff to continue its representation in the dissolution proceeding.

14. After plaintiff filed its petition for fees in the dissolution case, defendant, for the first time responded in Requests to Admit Facts that Adam was never her agent for purposes of the dissolution case. Plaintiff attaches hereto as **Exhibit "D"** the response to the Request to Admit.

15. In a similar fashion, Adam denied that he was ever acting as an agent for defendant, and Adam has failed refused to pay for invoices for legal services. A copy of Adam's answers to the Request to Admit are attached as **Exhibit "E".**

16. The subsequent conduct of defendant and Adam demonstrates that the representations made to plaintiff were false at the time made, were made with the intent to defraud plaintiff, and were nothing more than a ruse to induce plaintiff to continue its representation of defendant. Defendant had no present intention or ability to ever pay for the services rendered and her fraudulent intent may be inferred from her conduct. Shortly after plaintiff filed its fee petition in the dissolution matter, defendant filed her bankruptcy case.

17. Based upon defendant's multiple false representations, plaintiff, through attorney Wyatt, continued representation of defendant in the dissolution matter until October 11, 2018. At the time of the bankruptcy petition, there was a balance due of $239,486.03.

## Cause of Action
## 523(a)(6)

18.   Plaintiff realleges paragraphs 1-17 as paragraph 18 as though fully set forth herein.

19.   By her fraudulently inducing plaintiff's to undertake and continue its representation defendant obtained services from plaintiff by means of a false representation, false pretenses, and actual fraud. The representations were made were the actual intent to defraud the plaintiff.

20.   Plaintiff justifiably relied upon defendant's false representations.

21.   Plaintiff was injured as a result of defendant's action by the sum of $239,486.03, the amount of the unpaid attorney fees.

22.   By reason of all of the foregoing the debt is non-dischargeable under 11 U.S.C. §523(a)(2)(A) in the sum of $239,496.03 plus the costs of this suit.

WHEREFORE, plaintiff prays that the Court enter judgment as follows:

A.   Determining that the debt owed by debtor to plaintiff is non-dischargeable under 11 U.S.C. §523(a)(2)(A);

B.   Enter judgment in the sum of $239,486.03 plus costs of suit in favor of plaintiff and against defendant; and

C.   For such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Richard G. Larsen /s/*
Richard G. Larsen
Attorney for Plaintiff

Richard G. Larsen

5

Springer Brown, LLC
Wheaton Office Center
300 S. County Farm Road, Suite I
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com