## IN THE CIRCUIT COURT OF COOK COUNTY
## DOMESTIC RELATIONS, 3RD DIVISION

| | |
|---|---|
| In re the Marriage of ) | |
| ) | |
| TERI HAGEROTT ) | |
| ) | |
| Petitioner, ) | No. 2014 D3 30769 |
| ) | |
| and ) | |
| ) | |
| WILLIAM HAGEROTT ) | |
| ) | |
| Respondent. ) | |

### CERTIFICATE OF SERVICE

TO:  Erika N. Wyatt                                Allen S. Gabe
     Schiller Du Canto & Fleck, LLP               Allen Gabe Law, P.C.
     310 South County Farm Road, Suite 300        1834 Walden Office Square; Suite 500
     Wheaton, IL  60187                            Schaumburg, IL  60173
     wheatonservice@sdflaw.com                     allengabe@allengabelaw.com

**PLEASE TAKE NOTICE THAT** on June 7, 2019, I served the Petitioner's <u>Response to First Requests For Admissions of Fact and Genuineness of Documents</u>, upon the attorneys listed above counsel by email/pdf and certified mail.

_____
One of the Attorneys for Petitioner

Matthew Lee Stone
**SCHNEIDER & STONE**
8424 Skokie Blvd
Skokie, Illinois 60077
(847) 933 - 0300
Att I.D. 6297720



EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY
DOMESTIC RELATIONS, 3RD DIVISION

| | |
|---|---|
| In re the Marriage of ) | |
| ) | |
| TERI HAGEROTT ) | |
| ) | |
| Petitioner, ) | No. 2014 D3 30769 |
| ) | |
| and ) | |
| ) | |
| WILLIAM HAGEROTT ) | |
| ) | |
| Respondent. ) | |

## RESPONSE TO FIRST REQUESTS FOR ADMISSIONS OF FACT AND GENUINENESS OF DOCUMENTS

General Objections:

A. Petitioner objects to all requests to the extent that they are vague or ask for irrelevant information.

B. Petitioner objects to all requests to the extent that they are overly broad and unduly burdensome.

C. Petitioner objects to requests and all exhibits which violate attorney client privilege. Petitioner's answering any requests is done while maintaining this objection and should not be construed as a waiver of attorney client privilege. To the extent that any answer is deemed a waiver, Petitioner's waiver should be limited solely to the text of her answer.

Responses

Subject to the above objections, Petitioner states as follows:

1. Teri and her brother, ADAM POTTER ("Adam") first consulted with ERIKA WYATT ("Wyatt") of SDF on October 22, 2015 via teleconference.

   **Response: Petitioner admits the allegations in Paragraph 1.**

2. Teri and Adam again consulted with Wyatt December 20, 2017, in SDF's Wheaton office.

   **Response: Petitioner admits the allegations in Paragraph 2.**

3. In November 2015, Adam represented to Wyatt that the financial settlement in the dissolution case captioned as *In re the Marriage of Teri Hagerott and William Hagerott,* Cook County Case No. 2014 D3 30769 was 80% done.

   **Response: Petitioner denies the allegations in Paragraph 3.**

4. March 9, 2019, Teri and Adam told Wyatt in a teleconference that they had executed a written power of attorney making Adam Teri's agent and that Adam had acted in the capacity of Teri's agent since her separation from William Hagerott.

   **Response: Petitioner denies the allegations in Paragraph 4.**

5. Later of March 9. 2019, Wyatt asked Terri for the exact date of the power of attorney that she and Adam had described on the telephone that day.

   **Response: Petitioner denies the allegations in Paragraph 5.**

6. On March 12, 2018, Teri sent and email to Wyatt stating, "I have attached the 2015 Power of Attorney that Adam and I did when leasing my current residence."

   **Response: Petitioner admits the allegations in Paragraph 6.**

7. A true and correct, genuine copy of Teri's email to Wyatt dated March 12, 2018 is attached hereto as Exhibit A.

   **Response: Petitioner admits the allegations in Paragraph 7.**

8. With Teri's March 12, 2018 email to Wyatt referenced in Fact No. 4, she included a copy of a Power of Attorney between Teri and Adam dated April 14, 2015 and the signature page from her lease dated April 24, 2015.

   **Response: Petitioner admits the allegations in Paragraph 30, except that Petitioner denies that the POA is a valid power of attorney.**

9. A genuine, true, and correct copy of the Power of Attorney dated April 14, 2015 that was attached to Teri's March 12, 2018 email is attached hereto as Exhibit B.

   **Response: Petitioner admits the allegations in Paragraph 9.**

10. A genuine, true, and correct copy of the signature page from Teri's lease dated April 14, 2015 that was attached to Teri's March 12, 2018 email is attached hereto as Exhibit C.

    **Response: Petitioner admits the allegations in Paragraph 10.**

11. Teri and Adam did not sign the Power of Attorney on April 14, 2015.

    **Response: Petitioner admits the allegations in Paragraph 11.**

12. Teri and Adam signed the Power of Attorney in or around January 2018 and backdated the document.

    **Response: Petitioner admits the allegations in Paragraph 12.**

13. In his deposition in August 2018, Adam disclosed that the Power of Attorney dated April 14, 2015 was actually signed in or around January 2018.

    **Response: Petitioner admits the allegations in Paragraph 13.**

14. Teri did not disclose to Wyatt until after Adam's deposition on August 13, 2018 that she and Adam had back dated the Power of Attorney.

    **Response: Petitioner denies the allegations in Paragraph 14.**

15. Based on Teri's lack of candor with Wyatt, on May 9, 2018, Wyatt represented to Judge Bellows in a hearing on Teri's Objections and Motion to Quash Subpoenas that, "Mr. Potter, who is Terry Hagerott's brother, is also her agent. This is pursuant to a written power of attorney that the two of them executed in 2015."

    **Response: Petitioner denies the allegations in Paragraph 15.**

16. Wyatt did not know on May 9. 2018 that the Power of Attorney that Teri and Adam had backdated was not signed until January 2018.

    **Response: Petitioner denies the allegations in Paragraph 16.**

17. Teri was present at the hearing before Judge Bellows on May 9, 2018.

    **Response: Petitioner admits the allegations in Paragraph 17.**

18. Teri made no effort to inform Wyatt or Judge Bellows that the Power of Attorney has actually been executed in 2018 and thereby allowed a misrepresentation to be made to the Court on her behalf.

    **Response: Petitioner denies the allegations in Paragraph 18.**

19. The misrepresentation regarding the backdating of the Power of Attorney unnecessarily increased fees in this matter based on Terri's lack of condor.

    **Response: Petitioner denies the allegations in Paragraph 19.**

20. At no time did Teri or Adam ever dispute a single charge on her bills from SDF.

    **Response: Petitioner denies the allegations in Paragraph 20.**

21. On October 28, 2015, Wyatt sent an email to Teri and to Adam that stated, "the time it takes to finalize, and the amount of legal work it will take to finalize depends in large part on Bill. Our legal system is sadly designed such that if one party wants to drag things out a bit, they do have that luxury. This is particularly true in Cook County where cases in general move much more slowly then they do in collar counties."

   **Response: Petitioner denies the allegations in Paragraph 21.**

22. On April 13, 2018, Teri received true and complete copies of all of her invoices that were sent to her in February, March, and April 2018.

   **Response: Petitioner denies the allegations in Paragraph 22.**

23. After April 13, 2018, Teri received copies of all her invoices on a monthly basis.

   **Response: Petitioner admits the allegations in Paragraph 23.**

24. One June 14, 2018, Adam, Teri's agent, offered in an email to have Teri's other brother Jared, sign as an additional guarantor of Teri's attorneys' fees and costs.

   **Response: Petitioner admits that Adam offered to sign as an additional guarantor, but denies that Adam is her agent and denies the remaining allegations in Paragraph 24.**

25. On September 5, 2018, Adam, Teri's agent, sent an email to Wyatt stating, "I was also looking to add a balloon payment schedule into the agreement for 3 major installments starting in October that leave the balance at $0."

   **Response: Petitioner admits the allegations in Paragraph 25, except that she denies that Adam was her agent.**

26. On October 10, 2018, the day before SDE withdrew its Appearance on Teri's behalf, Teri asked Wyatt if it would be possible to expand the Engagement Agreement to fight Miriam Cooper's fee petition.

   **Response: Petitioner denies the allegations in Paragraph 26.**

27. After SDF filed its Motion to Withdraw on October 10, 2018, Teri asked Wyatt to stay in the case to negotiate the Marital Settlement Agreement.

   **Response: Petitioner admits the allegations in Paragraph 27.**

28. On October 3, 2018, Wyatt stated in an email to Teri and Adam that, "…judges are always recalcitrant to award fees, and even if Judge Rivera determines that Bill should contribute to your fees, it is entirely up to her what amount that will be. I know we asked for $100K in our contribution petition, but that number is deliberately aggressive."

   **Response: Petitioner admits the allegations in Paragraph 28.**

29. On October 4, 2018, Wyatt state in an email to Teri and Adam that "While we have asked for $100k in contribution, it is highly, highly unlikely that you would receive anything close to that amount. My estimate at this point based on the facts as I know then is that you might receive a contribution for between $0 and $25K, Judge Rivera is extremely cognizant of the fact that the entire marital estate has been depleted in this litigation and although we can make a compelling argument that Bill has been the worse actor of the two of you, in my professional opinion, she is going to be reluctant to require him to make a significant contribution toward your fees out of his future income."

>   **Response: Petitioner admits the allegations in Paragraph 29.**

30. On October 4, 2018, Adam, Teri's agent, sent an email to Wyatt stating "… we were anticipating paying around $100,000 in a balloon payment after divorce is finalized and the legal bills stop. We can pay another$10k for October as agreed. We anticipated that the work for reallocation and the yield for deferring fees to trial was to pay you. We would have to enter into a monthly payment plan after the balloon payments."

>   **Response: Petitioner admits the allegations in Paragraph 30, except that Petitioner denies that Adam is her agent.**

31. On October 11, 2018 after SDF has been granted leave to withdraw as Teri's counsel, Adam, Teri's agent, sent Wyatt an email that stated:

    Aloha,
    I just wanted to write and thank you for going with Teri on Thursday and fighting for her.

    There is so much that you did but the most important was giving her case the dignity that she needed. Her husband worked so hard while they were together and even harder over the last four years as well as grouped together a cadre of people that were equally driven to strip her and her children of it.

    I don't think she would still be here if you did not anchor her down.

    We will work our hardest to recover and repay you.

    Best,
    Adam

>   **Response: Petitioner admits the allegations in Paragraph 31 that the email was sent, except that Petitioner denies that Adam is her agent.**

32. As of October 11, 2018, Teri, and Adam, were promising to pay SDF's bill in full for the legal services rendered to Teri.

>   **Response: Petitioner denies the allegations in Paragraph 32.**

33. During the course of SDF's representation of Teri, SDF twelve depositions were taken in this matter. These included the expert deposition of Teri's 304.10(c), the expert deposition of Bill's 604.10(c), Teri's expert deposition of Dr. Gamze, the original 604.10(b), Bill's expert deposition of Dr. Gamze, Teri and Bill's expert depositions of Dr. Robert Shapiro, the replacement 604.10(b), Teri and Bill's depositions of Dr. Laura Jansons, the depositions of Matt Smith, Teri Hagerott, Adam Potter, William Hagerott and Miriam Cooper.

**Response: Petitioner admits the allegations in Paragraph 33.**

34. None of Teri's prior counsel took or defended any depositions in this case.

**Response: Petitioner admits the allegations in Paragraph 34.**

35. Teri was given the opportunity every time she case to court to review and approve every order into which she entered throughout SDF's representation of her.

**Response: Petitioner denies the allegations in Paragraph 35.**

36. No agreed orders were entered on Teri's behalf by SDF without her prior review and approval.

**Response: Petitioner denies the allegations in Paragraph 36.**

37. In January 2018, Adam, Teri's agent, represented to Wyatt that, "trial is necessary" and "settlements won't work."

**Response: Petitioner denies the allegations in Paragraph 37.**

38. Throughout the course of SDF's representation of Teri, Teri discouraged settlement discussions with opposing counsel and wanted to take her case to trial.

**Response: Petitioner denies the allegations in Paragraph 38.**

39. SDF motioned for and obtained leave of Court to appoint Dr. Robert Shapiro as the 604.10(b) evaluator to update the parental allocation evaluation report in this matter.

**Response: Petitioner admits the allegations in Paragraph 39.**

40. After much discussion and approval from Teri and her agent, Adam, Donald Schiller prepared for and argued the hearing on the Motion to Update 604.10(b0 Evaluation and to Appoint Dr. Robert B. Shapiro, PhD as 604.10(b) Court Professional.

**Response: Petitioner admits the allegations in Paragraph 40 except that Petitioner denies that Adam is her agent.**

41. The appointment of Dr. Shapiro marked a turning point for Teri in her dispute over allocation of parental responsibilities because both the original 604.10(b) evaluator and the child representative has recommended an allocation of parental responsibilities that were contrary to Teri's wishes.

    **Response: Petitioner denies the allegations in Paragraph 41.**

42. Teri and requested that court reporters be present at each court appearance to document what transpired in court appearances.

    **Response: Petitioner denies the allegations in Paragraph 42.**

43. In addition, Adam, Teri's brother, Jared, Teri's sister Joanna Schulsky, have helped fund Teri's divorce case.

    **Response: Petitioner admits the allegations in Paragraph 43.**

44. As of August 28, 2018, Adam Potter has caused the be paid approximately $86,356.00 towards Teri's attorneys' fee and costs, both to SDF and to Teri's multiple prior counsel.

    **Response: Petitioner admits the allegations in Paragraph 44.**

45. As of August 28, 2018, Jared Potter has caused the be paid approximately $78,300.00 towards Teri's attorneys' fee and costs, both to SDF and to Teri's multiple prior counsel.

    **Response: Petitioner admits the allegations in Paragraph 45.**

46. As of August 28, 2018, Joanna Schulsky has caused the be paid approximately $12,000.00 towards Teri's attorneys' fee and costs, both to SDF and to Teri's multiple prior counsel.

    **Response: Petitioner denies the allegations in Paragraph 46.**

## VERIFICATION

I, Teri Hagerott, the Petitioner in this matter, have reviewed the above responses to the Requests to Admit served by Schiller Du Canto & Fleck, LLP, and pursuant to Illinois Supreme Court Rule 216(c), hereby swear that they are accurate to the best of my knowledge and recollection.

*/s/ Teri Hagerott*